## JANES v. DE AZEVEDO et al.

### No. 14,875; September 8, 1892.

#### 30 Pac. 1104.

**Appeal—Review—Statute of Limitations.**—A finding by the court that the cause of action was barred by the statute of limitations will not be disturbed on appeal where the evidence is not brought up, and nothing appears in the record to the contrary.

APPEAL from Superior Court, Marin County; E. B. Mahon, Judge.

Action by Louis L. Janes against Joaquin P. De Azevedo and others for the legal title to some land. From a judgment in favor of defendants, plaintiff appeals on the judgment-roll alone. Affirmed.

A. L. Rhodes for appellant; E. M. Wilson, Craig & Meredith and S. L. Rogers for respondents.

McFARLAND, J.—This action was brought against a large number of defendants to compel each of them to convey to plaintiff the legal title to the undivided one-fifth of the part of a certain tract of land which each defendant claims to hold. Judgment was rendered for the defendant, and plaintiff appeals from the judgment upon the judgment-roll alone, there being no bill of exceptions or statement. The answer of the defendants sets up several valid defenses; the findings of the court fully support those defenses; the conclusion of law is that the plaintiff should take nothing by his complaint, and that defendants should be dismissed with their costs; and the conclusion of law is amply warranted by the findings of fact. Moreover, the answer avers that the alleged causes of action stated in the complaint are barred by the provisions of several named sections of the Code of Civil Procedure, between sections 318 and 343; and the court finds that they were barred by the sections named. And as there is no evidence before us, and nothing in the record inconsistent with the finding as to the statute of limitations, this finding is itself conclusive of the case against appellant. We do not deem it necessary to state here the facts of this case, which extend over a period of more than thirty years. Counsel for appellant seems to contend only for these two propositions: First, that the grantee of the legal title from one who held it subject to some trust can never, under any circumstances, hold it adversely to the beneficiary; and, second, that although a beneficiary has fully settled with the trustee, and has completely and finally released and discharged him from all the obligations of the trust, such discharge cannot inure to the benefit of a bona fide purchaser of the title from the trustee. Neither of these propositions can be maintained. Appellant does not point out any specific error committed by the trial court, and we see no reason, either in law or equity, for disturbing the judgment.

The judgment is affirmed.

We concur: De Haven, J.; Sharpstein, J.